TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RAJESH R. SRINIVASAN (Cal. Bar No. 310510)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7416
    Facsimile: (213) 894-6269
    E-mail:   rajesh.srinivasan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-CR-00141-JLS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| GARRET PATRICK ORTALI, | |
| Defendant. | **CURRENT TRIAL DATE:** 06-14-22<br>**CURRENT STATUS CONFERENCE DATE:** 06-03-22<br><br>**PROPOSED TRIAL DATE:** 09-13-22<br>**PROPOSED STATUS CONFERENCE DATE:** 09-01-22 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Rajesh R. Srinivasan, and defendant Garret Patrick Ortali ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender Elena R. Sadowsky, hereby stipulate as follows:

1. The Indictment in this case was filed on April 14, 2022. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 4, 2022. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 23, 2022.

2. On April 22, 2022, the Court set a trial date of June 14, 2022, and a status conference date of June 3, 2022.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately two to three days.

4. By this stipulation, defendant moves to continue the trial date to September 13, 2022, and the status conference to September 1, 2022. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): distribution of methamphetamine. The government has produced discovery to the defense, including Bates-printed documents or files, which encompass law enforcement reports, laboratory reports, photographs, video and audio recordings, defendant's criminal history, and GPS tracker data. The government's investigation is ongoing, and it anticipates producing additional discovery on a rolling basis. Additionally, the parties have filed a stipulation for a protective order, and the government anticipates producing further video, audio, and documentary discovery under that protective order, once entered by the Court.

        b.  Defense counsel, DFPD Sadowsky, has represented that she is presently scheduled to participate in the following trials:

- United States v. Ohiri, No. 2:19-CR-00042-SVW, a theft of government property conspiracy trial, expected to last approximately three days, and set to begin on June 21, 2022;
- United States v. Lara, No. 2:22-CR-00187-RGK, a felon in possession of a firearm and ammunition trial, expected to last approximately three days, and set to begin on July 12, 2022;
- United States v. Molina Munoz, No. 2:21-CR-00509-MCS, a wire fraud and false impersonation of a federal officer trial, expected to last approximately three days, and set to begin on July 12, 2022; and
- United States v. Sepulveda et al., No. 2:21-CR-00481-FLA, a multi-defendant drug trafficking conspiracy and illegal firearm trial, expected to last approximately three to four days, and set to begin on August 16, 2022.

In addition, DFPD Sadowsky is assigned defense counsel in United States v. Olsen, No. 8:17-CR-00076-CJC, a drug distribution trial, which was recently remanded on appeal.  Trial in Olsen is expected to be set for sometime this summer.  Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

        c.  In light of the foregoing, defense counsel also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pretrial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a

pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

       e.   The government does not object to the continuance.

       f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

    6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 14, 2022, to September 13, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 26, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/ Rajesh R. Srinivasan
RAJESH R. SRINIVASAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am defendant Garett Patrick Ortali's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than September 13, 2022, is an informed and voluntary one.

_____  5-28-22
ELENA R. SADOWSKY        Date
Deputy Federal Public Defender
Attorney for Defendant
Garret Patrick Ortali

5

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 13, 2022.

_____   5-28-22
GARRET PATRICK ORTALI            Date
Defendant